**Ouscorni JAKIR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71543.

Agency No. A70–784–599.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 23, 2004.

Haresh Jambusaria, Los Angeles, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Richard M. Evans, John L. Davis, Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM[**]

Ouscorni Jakir, a native and citizen of Bangladesh, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review for substantial evidence the agency's adverse credibility finding, *see Wang v. INS*, 352 F.3d 1250, 1253 (9th Cir.2003), and we deny the petition for review.

The agency properly based its adverse credibility determination on discrepancies between Jakir's testimony and his documentary evidence and on circumstances that cast doubt on the likelihood of future persecution. *See id.* at 1258. Because the agency provided specific, cogent reasons for its adverse credibility determination, we are not compelled to reach a contrary conclusion. *See id.* Accordingly, Jakir did not establish eligibility for asylum or withholding of deportation. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Jakir's constitutional and regulatory challenges to the BIA's summary affirmance are foreclosed. *See Garcia–Mar-*

tinez v. Ashcroft, 371 F.3d 1066, 1078–79 (9th Cir.2004).

We are not persuaded by Jakir's contention that he was denied a full and fair hearing fail because the IJ did not deny Jakir a reasonable opportunity to present his evidence. *See Taha v. Ashcroft*, 362 F.3d 623, 629 (9th Cir.2004).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897, 901 (9th Cir.2004) (order), Jakir's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

